# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| HYTERA COMMUNICATIONS CORP. LTD. | ) ) ) CASE NO. ) ) JUDGE ) ) ) ) **COMPLAINT FOR PATENT** ) **INFRINGEMENT** ) ) (Jury Demand) ) |
| Plaintiff, | |
| vs. | |
| MOTOROLA SOLUTIONS INC., | |
| Defendant. | |

Plaintiff Hytera Communications Corp. Ltd. ("Hytera") alleges as follows against Defendant Motorola Solutions, Inc. ("Motorola"). The allegations herein are made based on personal knowledge as to Hytera with respect to its own actions and upon information and belief as to all others.

## I. NATURE OF THE ACTION

1. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and for such other relief as the Court deems just and proper.

## II. THE PARTIES

2. Hytera is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Hytera Tower, Hi-Tech Industrial Park North #9108 Beihuan Road, Nanshan District, Shenzhen, People's Republic of China. Hytera sells its products in Ohio and in this District through its wholly-owned subsidiary Hytera America (West), Inc. Through this wholly-owned subsidiary, Hytera maintains an Ohio sales representative.

3. Hytera is a world leader in the development, manufacturing and sales of two-way radios and push-to-talk wireless communications systems and related technology. The company is a full solutions provider for professional push-to-talk communications for each of public safety, government agencies, transportation, and business/light industry. Hytera's reliable, robust and secure communications products are distributed in more than 60 countries across the globe.

4. Hytera is the owner of all right, title and interest to United States Patent No. 9,183,846 ("the '846 Patent") titled "Method and Device for Adaptively Adjusting Sound

Effect." A copy of the '846 Patent is attached as Exhibit A and a copy of the assignment filed with the United States Patent Office ("USPTO") is attached as Exhibit B.

5. Motorola is a company organized and existing under the laws of Delaware with its principal place of business at 500 W. Monroe Street, Chicago, IL 60661.

6. On information and belief, Motorola maintains a physical office in this District, at 12430 Plaza Dr, Parma, OH 44130 ("Motorola's Parma Office"). On further information and belief, Motorola's Parma Office manages and performs sales, service and repairs of its products for this District.

7. On information and belief, the Motorola name and logo are affixed in large blue letters to the street-facing side of Motorola's Parma Office. On further information and belief, Motorola's Parma Office has a sign adjacent to its front door that reads "Cleveland Service Center."

8. On information and belief, Motorola maintains at least 20 employees who live and work in the Cleveland/Akron area including its area sales manager for Ohio as well as Ohio account managers.

9. On information and belief, Motorola offers for sale and sells products both directly in this District and through distributers located in this District. On further information and belief, Motorola communication devices that are the subject of this complaint are offered for sale in this District and sold in this District.

10. On information and belief, one such distributor of Motorola's products in this District is Staley Communication, Inc., which has an office at 7338 Southern Boulevard, Boardman, OH 44512. On further information and belief, Staley Communication, Inc. sells

Motorola's MOTOTRBO radios and lists itself as a "Motorola Solutions Platinum Channel Partner" on its website, attached as Exhibit C.

11. On information and belief, another such distributor of Motorola's products in this District is North Coast Two Way Radio, which has an office at 14250 Industrial Ave S. Ste 102, Maple Heights, OH 44137.  On further information and belief, North Coast Two Way Radio sells Motorola's MOTOTRBO radios and, on a tab of its website labeled "Motorola Solutions," attached as Exhibit D, the company touts itself as "Motorola Factory Authorized" for sales, service and installation of systems for police, fire, public safety & commercial communications equipment.

### III. JURISDICTION AND VENUE

12. This civil action arises under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction over Count I under 28 U.S.C. §§ 1331 and 1338(a).

13. Personal jurisdiction exists generally and specifically over Motorola because it (directly and/or through their subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the Northern District of Ohio as a result of substantial business conducted within the state of Ohio.  For example, on information and belief, Motorola has a physical office in Parma, Ohio and employs at least 20 people that work and live in Ohio.  On information and belief, Motorola has also committed acts of infringement in this District by selling and offering for sale, directly and through distributors, communication devices that are the subject of this complaint.

14. Venue is proper in this district under 28 U.S.C. § 1400(b) because Motorola maintains a regular and established place of business in this District and offers for sale and sells the infringing products in this District.

## IV. FACTUAL BACKGROUND

15. Two-way radios and other such push-to-talk communication devices are in common use by modern industry and public safety organizations. During use, these communication devices are often moved between quiet environments, which can have little background noise, and loud environments where machinery, engines, sirens or other noise may make it difficult to hear the sound output of the communication device.

16. On May 29, 2014, Hytera filed U.S. Patent Application No. 14/361,367 entitled "Method and Device For Adaptively Adjusting Sound Effect" based on PCT Application No. PCT/CN2011/083373, which was filed on December 2, 2011.

17. U.S. Patent Application No. 14/361,367 issued as the '846 Patent on November 10, 2015.

18. Independent claim 1 of the '846 Patent recites a method for adaptively adjusting an acoustic effect in a device with an audio output. The device obtains the current level of ambient noise, receives a triggering instruction, and adjusts the current output volume of the device based on the level ambient noise. If the ambient noise is high, the volume adjustment is greater at higher (treble) sound frequencies.

19. On information and belief, Motorola sells a number of communications devices in the U.S. and this District that contain a feature dubbed "Intelligent Audio," including the MOTOTRBO XPR 7550e as an exemplary MOTOTRBO communication device. A copy of the

specification for Motorola's MOTOTRBO XPR 7550e shows that it includes the "Intelligent Audio" feature and is attached as Exhibit E.

20. Motorola has advertised its "Intelligent Audio" feature as used in its MOTOTRBO product line in a video advertisement. This video advertisement (the "Intelligent Audio Video Advertisement") is available on the web at https://www.youtube.com/watch?v=kNIapiu-rUg (last visited Aug. 23, 2017). Motorola states that the MOTOTRBO communications device "monitors background noise and adjusts the speaker volume, so you don't have to." (Intelligent Audio Video Advertisement, at 0:06.)

21. The Intelligent Audio Video Advertisement also demonstrates that the output sound level of the Motorola device using "Intelligent Audio" increases when the device is moved into an area with a higher ambient noise level. (*Id.* at 0:37–0:58.)

22. The user manual for the MOTOTRBO XPR 7500 series also states, under the heading "Intelligent Audio," that "Your radio can automatically adjust its audio volume to overcome background noise in the environment, inclusive of all stationary and non-stationary noise sources." A copy of the relevant page of the MOTOTRBO XPR 7500 series user manual is attached as Exhibit F.

23. On information and belief, Motorola has offered the MOTOTRBO XPR 7550e for sale in this District.

## V. COUNT I: INFRINGEMENT OF THE '846 PATENT

24. Hytera incorporates by reference herein the allegations of Paragraphs 1–23 of this Complaint.

25. The '846 Patent is in effect and is presumed valid under the U.S. patent laws.

26. Claim 1 of the '846 Patent states:

A method for adaptively adjusting an acoustic effect, wherein the method is applied to an apparatus having an audio output device, and the method comprises:

obtaining an energy value of a current ambient noise;

receiving a first triggering instruction, and adjusting a current output volume based on the energy value of the current ambient noise; and

performing a treble boost processing if it is determined that the energy value of the current ambient noise is greater than a first threshold, or performing a bass boost processing if it is determined that the energy value of the current ambient noise is smaller than a second threshold.

27. Motorola's Intelligent Audio Video Advertisement states that its devices with Intelligent Audio "monitor[] background noise." (*Id.* at 0:06.)

28. Motorola's Intelligent Audio Video Advertisement demonstrates that output volume is increased when a call is received (a triggering instruction) in an environment with increased ambient noise. (*Id.* at 0:37–0:58.)

29. According to the MOTOTRBO Customer Programming Software (CPS), a screenshot of which is attached as Exhibit G, when the "Intelligent Audio" feature is enabled, "[t]he noise threshold of the intelligent audio follows the volume knob position [of the device]. Once the ambient noise is above the noise threshold, the audio volume is boosted."

30. On information and belief, and after a reasonable inquiry, the output volume increase caused by Motorola's "Intelligent Audio" feature in response to increased ambient noise is more significant at higher (treble) frequencies than at lower (bass) frequencies. On further

information and belief and after a reasonable inquiry, this increase in output volume increase is a treble boost performed because the ambient noise energy value is higher than a first threshold.

31. Accordingly, on information and belief, Motorola has been and still is directly infringing at least claim 1 of the '846 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by using two way communication devices that incorporate Motorola's Intelligent Audio Feature, including by way of example, the MOTOTRBO 7550e.

32. Accordingly, on information and belief, Motorola has been and still is indirectly infringing the '846 Patent under 35 U.S.C. § 271(b) by actively inducing direct infringement by other persons who use products that embody one or more of the claims of the '846 Patent through its advertising, marketing, sale, offer for sale and instruction of its Intelligent Audio feature while Motorola had knowledge of the '846 Patent and knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others.

33. Motorola has been and still is indirectly infringing the '846 Patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce having the Intelligent Audio feature to others for use in an infringing method with knowledge of the '846 Patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed inventions of the '846 Patent.

34. Motorola will continue to infringe unless enjoined by this Court.

35. On information and belief, Motorola has knowingly and willfully infringed the '846 Patent**.**

36. As a result of Motorola's infringement of the '846 Patent, Hytera has suffered monetary damages in an amount not yet determined, has suffered irreparable harm and will

continue to suffer irreparable harm in the future unless Hytera's infringing activities are enjoined by this Court.

37. Hytera will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Motorola and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf from infringing the '846 Patent.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that Motorola has directly infringed and continues to infringe the '846 Patent;

B. A judgment that Motorola has indirectly infringed by contributory infringement and/or inducement, and continues to infringe the '846 Patent;

C. A judgment that Motorola's infringement of the '846 Patent has been willful;

D. A judgment against Motorola awarding Hytera damages suffered by Hytera pursuant to 35 U.S.C. § 284 on account of Motorola's infringement of the '846 Patent;

E. A judgment that Hytera's damages be trebled pursuant to 35 U.S.C. § 284 and that punitive damages be assessed against Motorola;

F. Preliminary and permanent injunctions against Motorola and any entity acting in concert with Motorola, pursuant to 35 U.S.C. § 283, preventing Motorola and any such entity, from infringing the '846 patent;

G. A judgment that Motorola be directed to pay Hytera's costs incurred herein; and

H. Such other and further relief as the Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38(b), Hytera respectfully demand a trial by jury of all issues triable as of right to a jury.

Dated: August 28, 2017

        Respectfully submitted,

        */s/ Todd R. Tucker*
        Todd R. Tucker (0065617)
        ttucker@calfee.com
        Mark C. McDougall (0080698)
        mmcdougall@calfee.com
        Joshua A. Friedman (0091049)
        jfriedman@calfee.com
        CALFEE, HALTER & GRISWOLD LLP
        The Calfee Building
        1405 E. 6th Street
        Cleveland, Ohio 44114
        (216) 622-8200 (Telephone)
        (216-241-0816 (Facsimile)

        *Attorneys for Plaintiff*
        *Hytera Communications Corp. Ltd.*