UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HYTERA COMMUNICATIONS CORP., LTD., | ) |
| | ) Case No. 1:17-CV-1794 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| MOTOROLA SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| | ) |

This matter is before the court on Plaintiffs' Motion to Strike Motorola's Untimely Supplemental Interrogatory Answers and Invalidity/Unenforceability Contentions. (ECF #78). Defendant opposes the Motion. (ECF #84). Hytera claims that Motorola's Supplemental Interrogatory Answers and Invalidity/Unenforceability Contentions ("Supplement") violate the Local Patent Rules. In addition, Hytera argues that the Supplement improperly raises new defenses and provides untimely disclosure of previously known facts, which, if allowed to stand will prejudice Hytera in the prosecution of its patent. Based on all of the information in the parties' briefing, as well as information obtained during oral arguments, the Court finds that Plaintiff's motion is not well supported. (ECF #89, 97, 102).

Motorola contends that it abided by all requirements of the Local Patent Rules ("LPR"), and that the Supplement simply provided cumulative or newly discovered evidence in support of previously disclosed defense theories, as required by Fed. R. Civ. P. 26(e). Motorola also argues that Hytera will not be prejudiced by any of the disclosures in the Supplement, as it was not only

previously aware of these defenses and much of the supporting evidence, but addressed them during depositions and throughout the discovery process. Further, Motorola argues that any additional discovery that may be warranted based on the supplemental information can be addressed and accommodated without any serious delays in the case, including through the process of expert discovery.

## ANALYSIS

### A. Patent Rule Requirements

Contentions under the Local Patent Rules are meant to provide "reasonable notice" of the reasons why a party "believes it has a reasonable chance of proving" its claims and defenses. *Datatrak Intl., Inc. v. Medidata Sols., Inc.*, WL 12734894, at *3 (N.D. Ohio, July 10, 2015). They do not require disclosure of all of the specific evidence that a party will rely on to prove their position. *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, 2016 WL 3655302, at *1, 4 (E.D. Tex. 2016). The parties agree that even if a violation is found, the Court should not strike the Supplemental Interrogatory Answers and Invalidity/Unenforceability Contentions, unless permitting the Supplement will prejudice Hytera.

Hytera claims that Motorola failed, in its Final Contentions, to meet the Local Patent Rule requirements for asserting a defense under 35 U.S.C. § 102(f) and (g). LPR 3.5 requires that when prior art is alleged under 35 U.S.C. § 102(f) and (g), it shall be identified by providing the name of the person(s) or entity involved in or from whom the invention derived, and the circumstances surrounding the making of the invention. Motorola, in its Final Contentions asserts that it has a defense "under one or more sections of 35 U.S.C. §102." It also outlines its position that Motorola

made the purported invention before Hytera, and how Hytera "misappropriated thousands of confidential documents relating to . . . Motorola's proprietary technologies and design ideas" including "Motorola Inc.'s CrystalTalk technology, which was the basis for Intelligent Audio, the accused technology in this case." These Contentions identify the entity involved in the alleged prior art and from whom Hytera allegedly derived its invetion. They also identify, at least summarily, the circumstances surrounding the making of the invention.

Although Hytera is correct that Motorola did not label or tie these contentions to a defense under 35 U.S.C. §102(f) and (g), Hytera is not prejudiced by any deficiency in the Final Contentions. The information disclosed in the Final Contentions gives Hytera reasonable notice of the defenses, and the manner in which Motorola believes it can establish those defenses.[1] Any reasonable patent holder would understand from the statements in Motorola's Final Contentions, that Motorola intends to argue that the patent is invalid based on prior art and that it believes that the patent holder is not the rightful inventor of the product. The grounds for Motorola's Section 102(f) and (g) claims should not have been a surprise to Hytera and do not attempt to "reinvent" Motorola's general defensive theories. The Supplement may have labeled the defenses more specifically, and identified more factual support for these defenses, but there was nothing contained in the Supplement that Hytera should not have already anticipated based on the information articulated in the Final Contentions, and the topics addressed during discovery. *See, Parker-Hannifin Corp.*, 2008 WL 11381841, at *5 (N.D. Ohio Aug. 11, 2008). In fact, in its briefing and at oral argument, Motorola

---

[1] Motorola could have sought permission from the Court to amend its Final Contentions under LPR 3.10, if it had not adequately notified Hytera of these defenses. Based on the information now known to the Court, such a request would have been granted. Therefore, Hytera is not prejudiced by Motorola's alleged failure to follow the proper procedural route for identifying its defenses and updating its factual disclosures.

represented that Hytera, itself, addressed these theories of invalidity through its questioning of witnesses during depositions. Hytera does not dispute this. Generally, courts do not strike supplemental interrogatory responses where a party merely "add[s] detail to the theory that [the party] had already put forward." *See, e.g., Caruana v. Marcum*, 2016 WL 4060691, at *4-5 (M.D. Tenn. 2016).

Hytera also contends that Motorola has violated LPR 3.10 by failing to make available for inspection and copying a copy or sample of all prior art identified pursuant to LPR 3.6 to the extent not previously produced. LPR 3.10(c). Hytera claims that Motorola did not timely disclose the October 2010 code associated with CrystalTalk 2010, which is identified as prior art by Motorola. This is false. The evidence presented through briefing and at oral argument shows that Motorola made this code available to Hytera throughout the discovery period.[2] Motorola has represented that this code, along with other prior iterations was all made available to Hytera on a secured computer, in accordance with the provisions of the parties' protective order. Hytera has not disputed this representation. Rather, Hytera claims that it was not provided with printed copies of the relevant code prior to April of 2019.[3] Hytera also acknowledged during oral argument that Motorola disclosed "in footnote 2 of their contentions, which is... Exhibit B to the moving paper, chart A12, in footnote 2" that they would be relying on the October code. There is no indication that Hytera

---

[2] It appears from representations made by Motorola during oral arguments, and not disputed by Hytera, that Hytera did not access the secured computers to view the code until late in the discovery period, perhaps as late as April. Hytera has not disputed, however, that the secured computers containing the code were available for them to view throughout the entire discovery period.

[3] Hytera first argued that it did not receive the code until April of 2019, at the very end of discovery. However, they contradict this statement in several places in their exhibits by acknowledging that Motorola had disclosed the code in March of 2019.

- 4 -

ever followed up and requested a printed copy of the October code at this point, even though they were admittedly on notice that Motorola would be relying on this information since the filing of Motorola's Final Contentions in December of 2018.

Even if the information had not been available earlier through the secured computer, Hytera admits that it received access to the code at issue as early as March of 2019,[4] at least a month before the end of discovery.[5] It, therefore, had an opportunity to review the code and seek discovery from any witnesses they wished to depose about the code prior to the end of discovery. It did not do so. Hytera stated at oral argument that they have had experts going through the code for "weeks," but have admittedly had access to the code for at least four months. They have, to date, still not identified any specific witnesses they need to depose in connection with this code. The parties have agreed to a continuation of the discovery to allow depositions of other witnesses on other topics, and expert discovery has not yet officially begun. Therefore, even if the disclosure of the code occurred later than it could have, Hytera has not been prejudiced by the allegedly delayed disclosure. The

---

[4] The code that was made available in March of 2019 was a much broader range of source code for the entire MOTOTRBO, and it included, as one small part the CrystalTalk 2010 source code file. Motorola contends that the CrystalTalk 2010 component(October version) had previously been available as a stand alone file to Hytera throughout discovery through the secured computer. It was not until March of 2019, however, when Motorola agreed to divulge the full spectrum of code for the MOTOTRBO, which it still maintains is not relevant to Hytera's claims or its own defenses. CrystalTalk 2010 was then made available again as part of the greater MOTOTRBO source code.

[5] Hytera also argues that Motorola was aware of the existence and importance of the October code earlier because it had been addressed in a related case at the International Trade Commission ("ITC"). This counters any claim of prejudice Hytera may be making, however, as Hytera is also involved in the ITC case and should have been aware of the October code through the same means. Further, Motorola points out that the ITC case has a protective order the prevented the use of any case information in other proceedings. Motorola sought and obtained permission to use some of the information in this case, and immediately Supplemented its interrogatory responses to include this information once permission was obtained and the information became legally available for use.

parties have, to this point, been cooperative in working out discovery issues and delays without need of much direction from the Court, and there does not appear to be any reason why this issue cannot be managed in a similar fashion based on the agreed time still available for the completion of fact and expert discovery.

It appears from the briefing and Hytera's presentation at oral arguments that Hytera may have suffered some confusion as to which version of the CrystalTalk code is most relevant to the claims and defenses at issue in this case. At some point toward the end of discovery, Motorola informed Hytera that the printed code they requested after viewing the computer accessible code was not the code that Motorola was relying on in this case. This was not an admission that Motorola had failed to provide the code – Hytera does not contest that it was provided access to the relevant code through the secured computer – but rather that Hytera had misidentified the relevant code when it requested printed copies.[6] There is no dispute that Hytera had access, at least in computer form, to both the June and the October 2010 CrystalTalk code throughout discovery, and was provided with printed copies, when requested, prior to the end of discovery.

B. New Defenses

As set forth above, the Court finds that Motorola's Final Contentions provided reasonable notice of its defenses under 35 U.S.C. §102(f) and (g). These defenses, therefore, were not newly raised in the Supplement, but merely flushed out, or refined. Further, even if they were not sufficiently described to satisfy the requirements of LPR 3.5, Hytera suffered no prejudice from this failure as it was well aware of Motorola's allegations of theft and misappropriation of the technology

---

[6] Motorola was obligated to identify and provide access to any and all relevant code, but was under no specific obligation to help Hytera understand which code was most relevant to Hytera's claims or Motorola's defenses.

behind the patent, and addressed these allegations with witnesses during discovery. Hytera also claims, however, that Motorola's "unclean hands" defense was newly and untimely raised in the Supplement. This claim is simply false. Motorola specifically and directly raised the defense of unclean hands in its Original Answer, in its Final Contentions, and in its Answer to the Amended Complaint. (ECF #20, p. 9; ECF #78-4, p. 14; ECF #75, p. 14). Further, there is no specific requirement in the Local Patent Rules to specifically discuss an unclean hands defense in the Contentions. Even if this defense had not been properly disclosed, Hytera suffered no prejudice from the alleged deficiency. Hytera has already taken a 30(b)(6) deposition addressing this defense and has identified no other discovery that it would require to fairly address the defense going forward.

C. <u>Supplemental Factual Disclosures</u>

Many of the additional factual disclosures provided in the Supplement are simply Motorola's formal recognition of evidence obtained during discovery that it believes supplements its evidentiary support for its defenses. The information came from witnesses at depositions attended by Hytera, and often cases from testimony elicited by Hytera's attorneys at those depositions. The information generally was not new or unknown to Hytera prior to the filing of the Supplement. Motorola admits that the Supplement did contain new information about the disabling of a component of Intelligent Audio in certain early versions of MotoTRBO. The source code that showed this had been previously available to Hytera, but the fact that this code showed disabling of this component was not understood by Motorola's witnesses until late in discovery. Upon realizing that this was the case, Motorola promptly informed Hytera of its discovery by way of the Supplement.

## CONCLUSION

For the reasons set forth above, taking into account all of the facts and circumstances, the Court finds that Motorola substantially complied with the Local Patent Rules, and timely disclosed information as it was received and identified. Further, the Court finds that Motorola has met it burden of showing that Hytera will not be prejudiced by any of the alleged deficiencies or delays in production. Plaintiff's motion is, therefore, DENIED. (ECF #78). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: July 10, 2019