**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| HYTERA COMMUNICATIONS CORP., LTD., | ) ) | CASE NO. 1:17 CV 1794 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MOTOROLA SOLUTIONS, INC., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Motorola Solutions Inc.'s Motion for

Award of Attorney Fees Pursuant to 35 U.S.C. § 285. (ECF #154, 155). Plaintiff, Hytera

Communications Corp., Ltd. ("Hytera") filed a Brief in Opposition to this motion (ECF #158),

and Motorola filed a Reply brief in support of its request. (ECF #161). Hytera also filed a Sur-

Reply (ECF #164-1, 168). Arguments were held on February 17, 2021, and the parties each filed

post-hearing briefs including proposed findings of fact and conclusions of law. (ECF #169, 175,

176, 177). The matter is now fully briefed and ripe for the Court's consideration.

## Legal Standard

The Patent Statute authorizes this Court to award "reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. The determination of whether to award fees under the statute requires a two-step process: (1) the court must make a factual determination as to whether the case is "exceptional," and (2) the court must exercise its discretion to determine if an award of attorney fees is warranted. *See Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005).

Under 35 U.S.C. § 285, a case is exceptional if under the totality of the circumstances "it stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). A defendant need not show that the litigation is both objectively baseless and brought in bad faith. *Id.* at 1757. Rather, a case may be deemed "exceptional" if it presents "either subjective bad faith or exceptionally meritless claims." *Id.* A finding of subjective bad faith may be supported solely by circumstantial evidence, without inquiry into the plaintiff's state of mind. *See, MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916-18 (Fed. Cir. 2012); *Kilopass v. Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013). The party seeking attorneys fees under this section bears the burden of showing that the case is exceptional by a preponderance of the evidence. *Id.* at 1758.

A case may also be designated "exceptional" when a suit originally brought in good faith is prolonged or extended after it becomes clear that it can no longer be pursued in good faith. Plaintiffs have an on-going obligation to review the substantive strength of their infringement

2

claims, especially following any potentially adverse claim construction. *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306 (Fed. Cir. 2013). Although a lack of early notice from the Defendant can be considered when determining whether an award of attorney fees is appropriate, filing a Rule 11 motion, or otherwise providing early notice of the defects in a plaintiff's infringement assertions are not pre-requisites for finding a case "exceptional." *See, Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357-58; *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019).

**Analysis**

A. Subjective Bad Faith

Motorola claims that Hytera brought this action as a way of retaliating against it for pursuing trade-secret and infringement claims against Hytera in multiple jurisdictions.[1] Hytera claims that the prior litigation is irrelevant to the merits of this infringement case, citing Motorola's withdrawal of its inequitable conduct defense and failure to tie its trade secret allegations and verdict(s) to the patent at issue in this case. Motorola has not shown that the trade secret claims it previously brought against Hytera impact the '846 Patent. The fact that Motorola has not proven a nexus between the substantive findings of the prior cases and the patent at issue in this case does not eliminate the possibility that this case was brought as a way for Hytera to retaliate against Motorola, however, it does not provide sufficient support for

---

[1]

Following a four month trial in the Northern District of Illinois, a jury found for Motorola on its trade-secret claims. Further an Administrative Law Judge found Hytera to be an intentional infringer and copyist in ITC proceedings, and that decision was confirmed.

Motorola's allegations either.  Motorola has not provided sufficient evidence to support an inference that the infringement claims in this case were brought in bad faith. [2] Although circumstantial evidence of bad faith can be sufficient to support an exceptional finding for purposes of attorney fees, the allegation that  Hytera's infringement claims in this case were improperly motivated from the outset remains speculative and is unsupported even by circumstantial evidence.

Further, there is no evidence of bad faith delays or obfuscation by Hytera during the litigation process.  The docket shows that although this case had its share of discovery issues and other disagreements between the parties, the parties consistently engaged in good faith discussions and worked cooperatively to arrive at joint agreements resolving the majority of these issues.  (See, e.g., ECF #57, 66, 72, 76, 88, 119, 122, 125, 127). The case history does not demonstrate that Hytera engaged in exceptional litigation tactics, or that it was the cause of undue delay.

B.  Substantive Strength of Claims

Motorola contends that Hytera knew that this case was baseless from the beginning because it was aware that the Motorola products did not have a "second threshold" and were not capable of performing a "bass boost processing," which are part of  Step S103 of the '846 Patent.  In fact, Hytera never once alleged that the accused products practiced this step of the patented

---

[2]

Motorola points to internal emails that purport to show Hytera officers wanted to inform customers that they were filing an infringement suit against Motorola.  This does not necessarily show that the suit was filed for an improper purpose, rather it could just as easily show that Hytera truly believed Motorola was infringing their patent and wanted customers to know this when deciding between suppliers.

method, not in the original Complaint, or in the First or Second Amended Complaints. Nonetheless, Motorola never raised this argument in a Motion to Dismiss, despite having three opportunities to do so. Neither party directly addressed the issue until the Summary Judgment stage, and, once raised, Motorola prevailed on this issue. Hytera consistently proceeded in accordance with its contention that the '846 Patent method is satisfied if there is either a treble boost or a bass boost, and that both are not required.[3] Hytera's proffered interpretation of the "or" preceding the "second threshold" and "bass boost" language, though overly semantic, isolated from the context of the surrounding patent language, and ultimately unpersuasive, is not so devoid of substance that it renders this case extraordinary for purpose of assigning attorney fees under 35 U.S.C. § 285.

Assuming, based on the above, that this action was originally brought in good faith, Hytera had a duty to re-evaluate the substantive strength of its case following claim construction. *See Taurus IP, LLC*, 726 F.3d 1306. Motorola contends that Hytera failed in this duty by continuing to rely solely on theories that are unsupportable under the claim construction of "treble boost processing" that was adopted by this Court. "Treble boost processing" was construed to mean "an automatic amplification of all treble frequencies using a gain greater than 1." The Court's claim construction Order also clearly explains that "treble boost" requires an increase or amplification of the treble frequency using a gain greater than one and that a relative

---

[3] Hytera argued that because the word "or" appears in the description of this step, the existence of the second threshold and the capability for bass boost processing are not requirements for the patented method. It also cited Federal Circuit case law in which the use of the word "or" was interpreted as "either or," rather than an "if/then" application, though the Court eventually found those cases to be distinguishable.

increase in the audibility of the treble frequency, achieved by reducing bass frequency, does not satisfy the patent language.

Hytera argues that it did, in fact, alter its theory following claim construction, and that it "has in no way argued for a 'relative' treble boost after the Court's construction." Its argument on Summary Judgment was that the increase to all frequencies, with a contiguous reduction of bass frequencies creates a treble frequency gain greater than 1, and, therefore, satisfies the construed meaning of a "treble boost" within Step S103 of the '846 Patent. This argument did not prevail for all of the reasons set forth in the Court's Memorandum Opinion and Orders on Summary Judgment. (ECF #148).

At first glance this argument appears to be in direct conflict with the Court's Opinion on construction, and Hytera's disavowment of any argument for a relative treble boost seems somewhat disingenuous. Hytera appears to recognize that at no point does the accused product increase only treble frequencies using a gain greater than one. It also describes the increase in treble audibility as being created, in part, by a reduction in bass frequency. Therefore, there is an implicit acknowledgment that the increase in treble audibility is only achieved by a relative decrease in bass frequencies. However, Hytera has adjusted its argument in response to the claim construction determination, by eliminating its sole reliance on decreased bass frequency, which would not provide a treble gain greater than one. Hytera now argues that the accused product simultaneously increases volume (providing a gain greater than one across all frequencies, including treble frequencies), and decreases bass frequencies (increasing audibility of the treble frequencies). Thus, Hytera has created an argument that technically follows the Court's construction of the term, albeit by ignoring the other related findings set forth in the construction

6

opinion. There is also some basis in the expert reports for arguing that the volume increase Hytera associates with the "treble boost" is triggered by a set threshold, thereby distinguishing it from the software gain volume increase that would satisfy the second step of the patented method. (See, ECF #133-7, ¶113). This argument was not fully developed or supported during the Summary Judgment briefing, and did not adequately take into account the Court's findings underlying the claim construction, but it was not wholly unreasonable for Hytera to investigate and attempt to develop such a theory following claim construction.[4]

In the end, the Court's decision on Summary Judgment was not a close call. The patent language, and the Court's construction of claim terms clearly support the finding in favor of Motorola. Hytera's arguments were somewhat strained and often separated from the context and a common sense interpretation of the patent language. However, they were not entirely baseless or frivolous. A case is not extraordinary simply because the Plaintiff was ultimately unsuccessful, even if its lack of success was entirely predictable. In this case, Motorola did not meet its burden of proving by a preponderance of the evidence that this case was exceptional under 35 U.S.C. §285.

---

[4] Motorola did not argue that Summary Judgment or fees were warranted because the accused product failed to meet Step S102, even though it should have been clear from the claim construction Order that "current ambient noise" was to be viewed as the "distinct value to a level of noise existing at a specific, singular moment in time," which is the antithesis of Hytera's argument that it can refer to a weighted average consisting primarily of past values. Because the parties did not argue this as a basis, however, the Court will not evaluate whether this could have factored into a determination of whether this case is extraordinary under 35 U.S.C. §285.

**Conclusion**

For the reasons set forth above, the Court finds that Motorola has not shown, by a preponderance of the evidence, that this case is "exceptional" within the meaning of 35 U.S.C. § 285. Therefore, Motorola's request for the imposition of attorney fees pursuant to 35 U.S.C. § 285 is DENIED. (ECF #154). IT IS SO ORDERED.


         /s/ Donald C. Nugent
         Judge Donald C. Nugent
         UNITED STATES DISTRICT JUDGE


DATED:  April 29, 2021